UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
STEPHEN REYNOLDS, on behalf of himself )
and all others similarly situated,  )
                                    )
                Plaintiffs,         )
                                    )
v.                                  )   Civil Action No. 10-11060
                                    )
WORLD COURIER GROUND, INC.,         )
                Defendant.          )
_____ )

## MOTION TO REMAND

### I. Introduction

Plaintiff, through counsel, hereby requests that this Court remand this action under 28 U.S.C. § 1447 to the Norfolk Superior Court, where Plaintiff originally filed. Remand is necessary because this Court lacks subject matter jurisdiction over this action. As this Court recently explained, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Nickerson-Malpher v. Wells Fargo Bank, N.A., 2010 WL 3069950, *1 (D. Mass. Aug. 3, 2010) (Tauro, J.), quoting 28 U.S.C. § 1447(c).

The Defendant, World Courier Ground, Inc. ("World Courier") removed this action based on diversity jurisdiction. See ECF Doc. 1, ¶3 (asserting jurisdiction under 28 U.S.C. § 1332). Plaintiff's complaint, however, does not facially make apparent that the amount-in-controversy requirement under 28 U.S.C. § 1332 is satisfied. The complaint does not allege that Plaintiff's individual damages exceed $75,000, or that the class-wide damages exceed $ 5 million, as required by 28 U.S.C. § 1332. World Courier therefore has the burden to establish by a "reasonable probability" that the amount-in-

controversy requirement is satisfied.  World Courier did not even assert in its Notice of Removal that the amount in controversy requirement is satisfied, and it has not provided any evidence, nor could it, to satisfy this requirement.  For these reasons and the reasons explained below, this Court should remand this action to the Norfolk Superior Court, and furthermore, impose costs on World Courier for its meritless removal.[1]

## II. Background

Plaintiff filed his class action complaint in Norfolk Superior Court on May 14, 2010.  See ECF Doc. 8 at 2 (copy of complaint).  As the complaint states, the Plaintiff was a driver for World Courier, a courier service company, from April 2009 to April 2010.  Id. at 2.  The complaint alleges that World Courier improperly classified the Plaintiff as an independent contractor in violation of Massachusetts law, and as a result violated state law and common law provisions on, *inter alia*, overtime, minimum wage, and business expenses.  The complaint alleges a Massachusetts class consisting of "all individuals who worked within the Commonwealth of Massachusetts for World Courier Ground as pickup and delivery drivers and who were improperly classified by the Defendant as independent contractors within the applicable statute of limitations period." Id. at 2-3.

Plaintiff's complaint did not claim any specific amount of damages.  None of the allegations in the complaint provide any information on the amount in controversy.  No dollar figures are specified or even estimated.  Although not alleged in the complaint, Plaintiff adds the following information: Plaintiff earned $16,506.64 at World Courier from April 9, 2009 to December 31, 2009, and $6,852.39 from January 1, 2010 to April

---

[1]   As explained further herein, this motion is timely filed under 28 U.S.C. § 1447 because Plaintiff challenges the removal based on a lack of subject matter jurisdiction.  See 28 U.S.C. §1447(c) ("A motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after filing of the notice of removal. . .") (emphasis added).

16, 2010, after certain business expenses were unlawfully deducted.  His maximum base recovery will be no more than $30,000 (if damages are trebled under M.G.L. c. 149, § 150).  Further, World Courier has one primary office in Massachusetts located in Sharon, and a satellite office near Logan Airport for airline courier service.  Plaintiff believes that there will be no more than 100 class members.  Further, Plaintiff will stipulate that he will not seek any individual total recovery in excess of $75,000 or class-wide recovery in excess of $5 million, inclusive of treble damages and attorneys' fees. [2]

On June 22, 2010, World Courier filed a Notice of Removal in this Court.  In its Notice, the Defendant asserted federal jurisdiction based on diversity by stating:

> The defendant is a Delaware corporation with its principal place of business in Providence, Rhode Island.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

ECF Doc. 1, ¶3.  The Notice did not include any assertion regarding the amount in controversy.

### III. Argument

**1.  This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Complaint.**

This Court cannot, as a matter of law, exercise jurisdiction over Plaintiff's complaint.  Diversity jurisdiction, which is the only jurisdictional basis asserted by World Courier, requires both: (1) diversity of citizenship, and (2) an amount-in-controversy for the Plaintiff exceeding $75,000.  See 28 U.S.C. § 1332.  Additionally, 28 U.S.C. § 1332, as amended by the Class Action Fairness Act, allows removal of class actions filed in state court where, *inter alia*, the

---

[2]  Plaintiff's counsel offered this stipulation to Defendant's counsel, but it was not accepted.

aggregated amount in controversy for the class exceeds $5 million.[3]  Neither the $75,000 amount-in-controversy requirement for the Plaintiff nor the $5 million amount in controversy for the putative class is satisfied here; indeed, World Courier did not even attempt to assert the amount-in-controversy requirement in its Notice of Removal.[4]

In the First Circuit, a removing defendant like World Courier must establish the amount-in-controversy requirement by a "reasonable probability."  Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 49 (1st Cir. 2009) ("The removing litigant must show a reasonable probability that the stakes exceed the [jurisdictional] minimum."); College Of Dental Surgeons Of Puerto Rico v. Connecticut General Life Ins. Co., 585 F.3d 33, 39 (1st Cir. 2009) ("The party seeking removal bears the burden of showing that federal jurisdiction lies.").  This standard is widely followed in other circuits.  See, e.g, Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir.2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir.2005); Roe v. Michelin North America, Inc., __ F.3d. __, 2010 WL 3033802, *2 (11th Cir. August 5, 2010) ("[A] plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in

---

[3] The Class Action Fairness Act eliminated the requirement that at least one plaintiff in a class action satisfy the $75,000 amount-in-controversy threshold, provided that the aggregated claims of all class members exceed $5 million.  See 28 U.S.C. § 1332(d)(6); Ford Motor Credit Co. v. Jones, 2007 WL 2236618, *2  (N.D. Ohio July 31, 2007).  Although not relevant here, in a *mass action*, at least one plaintiff must still allege damages in excess of $75,000.  See 28 U.S.C. § 1332(d)(11)(B)(i).

[4] To be clear, the mere fact that World Courier did not assert the amount-in-controversy requirement in its Notice of Removal does not by itself deprive this Court of jurisdiction, as such failure is a defect in the Notice procedure rather than jurisdictional.  But as the removing party, World Courier bears the burden of establishing subject matter jurisdiction, and it cannot do so.  The complaint itself does not offer any allegation of an amount-in-controversy, let alone one exceeding $75,000 for Plaintiff or $ 5 million for the class, and World Courier has not offered any evidence to establish by a preponderance of the evidence that these requirements are satisfied.
.

controversy more likely than not exceeds the jurisdictional requirement.").[5] The Class Action Fairness Act, which established the alternative basis for removal of class actions when the aggregated amount-in-controversy exceeds $ 5 million, did not change this burden on the defendant to establish federal jurisdiction.  See Amoche, 556 F.3d at 48 (holding "that burden of showing federal jurisdiction is on the defendant removing under CAFA")

World Courier has not offered any evidence, nor could it, that Plaintiff's individual damages exceed $75,000 or the aggregate damages of the class exceed $5 million. While he does not bear the burden on this issue, Plaintiff notes that he worked for World Courier for one year, April 2009 to April 2010.  See ECF Doc. 8 at 2, ¶3 (Par. 3 of complaint).  It is inconceivable that he would have $75,000 in damages for a one-year period, particularly where he earned on average $900 to $1,000 weekly.  As stated earlier, Plaintiff will stipulate to the fact that he will not accept any recovery in excess of $75,000 or class-wide recovery in excess of $5 million, inclusive of attorneys' fees and treble damages.

**2.    As It Challenges Subject Matter Jurisdiction, Plaintiff's Motion Is Timely.**

Finally, Plaintiff anticipates that World Courier may oppose this motion as untimely, but such an argument would be refuted by the plain language of the removal statute as well as the case law.  The applicable provision, 28 U.S.C. § 1447(c), provides that "[a] motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after filing of the notice of removal" (emphasis added).  A challenge to diversity jurisdiction under 28 U.S.C. §

---

[5]    The First Circuit has equated this "reasonable probability" standard with a preponderance of the evidence standard.  See Amoche, 556 F.3d at 50.

1332 is without doubt a challenge to the Court's subject matter jurisdiction.  See <u>Flange, Inc. v. KEE Safety, Inc.</u>, 2010 WL 2998621, *2 (D. Mass. July 23, 2010) (explaining that under "Section 1332(a), Congress has conferred subject matter jurisdiction on the federal courts where the parties are citizens of different states and the amount in controversy exceeds $75,000."); <u>Ragas v. Tennessee Gas Pipeline Co.</u>, 136 F.3d 455, 457 (5th Cir. 1998) (ruling that because "remand motion was based upon a purported lack of diversity jurisdiction," the "challenge was to the subject matter jurisdiction of this court, [and] the motion to remand need not have been made within 30 days.")

  This Court lacks subject matter jurisdiction over Plaintiff's complaint because neither the individual nor the aggregated class-wide amount-in-controversy requirement is met.  Nothing in Plaintiff's complaint allows even an inference that the available damages to Plaintiff and the class exceed these amounts.  Plaintiff does not claim such damages, and will stipulate that he will not accept any damages in excess of the amount-in-controversy amounts.  World Courier must therefore establish that it is more likely than not that either the Plaintiff can individually recover more than $75,000 or the class as a whole can recover more than $ 5 million.  It cannot do so.

## IV. Conclusion

For the foregoing reasons, this Court should grant Plaintiff's motion and remand the complaint to Norfolk Superior Court.

Date:  August 13, 2010

Respectfully submitted,

Stephen Reynolds,
on behalf of himself and all others
similarly situated

Joseph L. Sulman
Harold L. Lichten, BBO #549689
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic filing on August 13, 2010.

 /s/ Joseph Sulman
Joseph L. Sulman

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for the Commonwealth regarding the subject matter of this motion and was not able to reach agreement.

/s/ Joseph Sulman
Joseph L. Sulman