## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| STEPHEN REYNOLDS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **Civil Action No. 10-11060** |
| WORLD COURIER GROUND, INC., | ) ) | **Leave to File Granted** |
| Defendant. | **)** ) | **September 2, 2010** |

_____ )

## REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

### I. Introduction

The Plaintiff has moved to remand this action, which Defendant World Courier Ground, Inc. ("World Courier") removed from Norfolk Superior Court on the purported basis of diversity jurisdiction, on the ground that the amount-in-controversy requirement is not satisfied.  In response, World Courier has relied exclusively on the Plaintiff's complaint to establish that the Plaintiff individually alleges damages exceeding $75,000.[1]  Because it chose not to provide any additional evidence to support removal, World Courier must show that it is "facially-apparent" from the complaint that the amount-in-controversy requirement is satisfied.  Roe v. Michelin North America, Inc., 2010 WL 3033802, *2 (11th Cir. August 5, 2010); Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004).  It has failed to do so.

Plaintiff files this reply to address two issues raised by World Courier's opposition.  First, World Courier asserted an incorrect standard for this Court to apply to

---

[1]  Since World Courier has not asserted that the aggregated class-wide damages will exceed $5 million, only the $75,000 amount-in-controversy requirement for the named plaintiff is at issue here.  See 28 US.C. § 1332(a),(d).

the Plaintiff's remand motion, and therefore improperly shifted the burden to the Plaintiff

to establish that the amount-in-controversy requirement was not met.  Second, World

Courier's entire argument concerning the amount-in-controversy is based on

assumptions taken from Plaintiff's complaint that are speculative at best.  Because the

Plaintiff's complaint, on its face, does not show a reasonable probability that more than

$75,000 is at stake for the Plaintiff individually, the Plaintiff's remand motion should be

granted.  See generally In re Pharmaceutical Industry Average Wholesale Price, 509

F.Supp.2d 82, 89 (D. Mass. 2007); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,

108 (1941) ("[A]ny doubts about the propriety of removal should be construed against

the party seeking removal.").

### 1.      The "Legal Certainty" Standard Offered By Defendant Is Inapplicable.

World Courier mistakenly asserts that this Court must deny the Plaintiff's remand

motion unless it is apparent "to a legal certainty" that the amount-in-controversy

requirement is not met.  ECF Doc 12 at 5.  This standard does not apply here; the "legal

certainty" standard applies when a plaintiff files a *federal complaint* based on diversity

jurisdiction, and the defendant moves to dismiss based on insufficiency in the amount-

in-controversy.  See Barrett v. Lombardi, 239 F.3d 23, 30 (1st Cir. 2001).[2]  In other

words, had the Plaintiff filed his complaint in federal court originally, and World Courier

moved to dismiss based on insufficiency in the amount-in-controversy, then the Plaintiff

---

[2]      Barrett, which World Courier cited to support the "legal certainty" standard, did not concern removal; the plaintiff in that case filed the action originally in federal court based on diversity jurisdiction, and the district court dismissed one claim for insufficiency in the amount-in-controversy.  Id. at 25.  In reversing the dismissal, the First Circuit explained that the damages amount specified by the plaintiff in a federal complaint controls the amount-in-controversy determination.  "All the plaintiff must do to carry this burden in the face of a motion to dismiss is to set forth facts which, if true, would prevent the trier from concluding to a legal certainty that the potential recovery is capped at a figure below the jurisdictional minimum."  Id. at 30-31.

would have been required to show that it is not a "legal certainty" that his individual damages would be less than $75,000.

As the Plaintiff explained in his motion to remand, the standard changes when a defendant removes a state-court action based on diversity.  Here, World Courier, as the removing defendant, has the burden to establish jurisdiction to a "reasonable probability."  <u>Amoche v. Guarantee Trust Life Ins. Co.</u>, 556 F.3d 41, 49 (1st Cir. 2009) ("The removing litigant must show a reasonable probability that the stakes exceed the [jurisdictional] minimum.").  In fact, World Courier appears to recognize the correct standard that this Court must apply, as it acknowledged in its opposition that "the defendant has the burden to show merely there is 'reasonable probability' that the stakes in the lawsuit will exceed the jurisdictional minimum."  ECF Doc. 12 at 2. However, after setting forth the correct standard, World Courier then asserted that the Court must deny the Plaintiff's motion to remand "if this Court cannot say to a 'legal certainty' that [the Plaintiff] will not be entitled to recover more than $75,000."  ECF Doc. 12 at 3, citing <u>Barrett</u>.  This is a misstatement of the law.

**2.  It Is Not Facially-Apparent From Plaintiff's Complaint That There Is A Reasonable Probability For Damages To Exceed $75,000.**

World Courier did not submit any additional evidence to establish the amount-in-controversy, but relied exclusively on the Plaintiff's complaint.  Thus, it must show that Plaintiff's complaint facially establishes the amount-in-controversy requirement.  <u>Supra</u> at 1.[3]  Yet the Plaintiff's complaint did not provide any specific figures for damages,

---

[3]     The First Circuit and the District of Massachusetts have not specifically addressed the methods by which a removing defendant can establish the amount-in-controversy.  However, the districts of Puerto Rico and New Hampshire have each adopted the dual approach of either considering the complaint alone, or considering any evidence submitted by the defendant.  <u>MB Auto Care Management, Inc. v. Plaza Carolina Mall, L.P.</u>, 695 F.Supp.2d 1, 3 (D.P.R. 2010); <u>Evans</u>, 326 F. Supp.2d at 220 (D.N.H. 2004).  The approach has also been adopted by several federal circuits.  <u>E.g.</u>, <u>St. Paul Reinsurance Co.</u>,

which makes any suggestion of an amount-in-controversy based solely on the complaint purely speculative.  As one federal circuit court explained, it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case . . . where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice."  Lowery v. Alabama Power Co.  483 F.3d 1184, 1215 (11th Cir. 2007)

The Plaintiff's complaint alleges lost wages, overtime pay, business expenses, other deductions, and statutory treble damages as a result of World Courier's misclassification of him and other drivers as independent contractors.  See ECF Doc. 1-2 at 10 (complaint).  Based on such allegations, World Courier in its opposition provided a supposed "example" of how Plaintiff's damages could exceed $75,000.  ECF Doc. 12 at 6 (assuming that Plaintiff's workday began when he notifies the World Courier dispatcher that he is available for a delivery, and ends when he takes himself off the delivery list, and that his work-related expenses include the cost to purchase a delivery car or truck).  World Courier's "example" assumes too much.

A removing defendant must do far more than make broad assumptions to establish the amount-in-controversy from generalized damages allegations in a plaintiff's complaint.  See Martinez v. Morgan Stanley & Co. Inc., 2010 WL 3123175, *5 (S.D. Cal. August 9, 2010) (ordering remand even though the named plaintiff asserted that she worked 12 hours per day five days per week on average without overtime pay, because defendant's assumptions regarding overtime damages were unreasonable); Kingdom Ins. Group v. United Healthcare Ins. Co., 2010 WL 1782275, *4 (M.D. Ga. May

---

Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).

4, 2010) (ordering remand for insufficiency in the amount-in-controversy even where complaint alleged that the plaintiff lost "a substantial amount of revenue" from an "enormous base of potential customers" of "more than 7.5 million individual members," because there was no way for the court to assess how much revenue the plaintiff actually may have lost); In re Fedex Ground Package System Inc. Employment Practices Litigation, 2010 WL 583915, *5 (N.D. Ind. Feb. 11, 2010) (ordering remand because defendant did not show that there were at least 100 potential class members at time of removal, as required by 28 U.S.C. § 1332(d), even though complaint alleged that there may be more than 200 similarly situated persons).

Moreover, the information necessary to determine the amount-in-controversy – i.e. expenses charged to the Plaintiff, hours and days during which the Plaintiff delivered packages – is readily available to World Courier.  The fact that it declined to offer any such evidence suggests that this evidence would not support jurisdiction.  See Amoche, 556 F.3d at 52 ("[W]e may consider what information reasonably within [the Defendant's] control it failed to present in addition to any affirmative evidence of the amount in controversy.")  For instance, while the Plaintiff alleged that the class members' damages for business expenses could include the cost of purchasing a car or truck for deliveries, World Courier did not offer any documents or other evidence showing that Plaintiff himself incurred any such expense.  Compare Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (finding amount-in-controversy satisfied and denying remand where defendant, who was alleged to have violated federal anti-solicitation laws, offered evidence showing that one of its employees sent at least 3,800 facsimile advertisements, which combined with the statutory penalty established potential damages exceeding $5 million) ("[T]he removing party's burden is

to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.").

World Courier cannot establish jurisdiction by showing that some unknown class member may have damages exceeding $75,000; it must show that the Plaintiff himself claims such damages.  Radlo v. Rhone-Poulenc, S.A., 241 F.Supp.2d 61, 64-65 (D. Mass. 2002) (explaining that jurisdiction over class action cannot be maintained where named plaintiff's damages are less than $75,000, on the hypothesis that there is some unnamed plaintiff whose damages would suffice).  Plaintiff's complaint does not make it facially apparent that he alleges over $75,000 in individual damages.  This Court therefore lacks subject matter jurisdiction.

### 3. Only Attorney Fees' Attributed To The Plaintiff May Be Included In Determining The Amount-In-Controversy.

Finally, World Courier correctly notes that the recovery of attorneys' fees may be included in assessing the reasonable probability that the Plaintiff's damages will exceed $75,000.  ECF Doc. 12 at 4.  However, World Courier's estimation of Plaintiff's attorneys' fees at this early stage is simply guess-work, and moreover, only the attorneys' fees incurred directly for the named Plaintiff can be included in the amount-in-controversy.  Radlo, 241 F.Supp.2d at 64 (rejecting position that attorneys' fees in class action will push amount-in-controversy above $75,000, because the defendant's "argument regarding the size of the attorney's fee award is entirely speculative" and only the fees attributed to the named plaintiff can be included).  World Courier did not even attempt to estimate the potential attorneys' fees attributed to the Plaintiff, and in the early stages of a putative class action such as this, where the number of potential class

members and the potential for protracted or abbreviated litigation is unknown, any such

estimate would be purely speculative.

## IV. Conclusion

For the foregoing reasons, this Court should grant Plaintiff's motion and remand

the complaint to Norfolk Superior Court.

Respectfully submitted,

Stephen Reynolds,
on behalf of himself and all others
similarly situated

Joseph L. Sulman _____
Harold L. Lichten, BBO #549689
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Date:  September 2, 2010          (617) 994-5800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the
attorneys of record for each party by electronic filing on September 2, 2010.

 /s/ Joseph Sulman
Joseph L. Sulman