UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN REYNOLDS, on behalf of himself | * |
| and all others similarly situated, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. 10-11060-JLT |
| v. | * |
| | * |
| WORLD COURIER GROUND, INC., | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

February 14, 2011

TAURO, J.

I.   Introduction

Presently at issue is Plaintiff's Motion to Remand [#11]. Because this court lacks jurisdiction, Plaintiff's Motion is ALLOWED.

II.   Background

This putative wages and overtime class action was originally filed in Massachusetts Superior Court on May 15, 2010.[1] In his Complaint, Plaintiff alleged seven claims arising under state law. Defendant removed the case to this court on June 22, 2010, arguing that this court had jurisdiction pursuant to 28 U.S.C. § 1441(b).[2] Plaintiff has filed a Motion to Remand [#11], arguing that Plaintiff's individual damages will not exceed $75,000 nor will class-wide damages

_____

[1] Notice Removal, Ex. 2 [#1] (attaching Plaintiff's Complaint).

[2] Notice Removal, 1 [#1].

1

exceed $5 million.[3]

## III. Discussion

A party seeking to invoke federal jurisdiction, including a removing defendant, bears the burden of proving that the amount in controversy meets the jurisdictional minimum.[4] The standard for this burden is a "reasonable probability."[5] The standard is particularly applicable where, as here, a plaintiff's complaint does not contain specific damage allegations.[6] The "reasonable probability" standard is, moreover, the appropriate standard of a defendant's burden of proof where, as here, a defendant removes a state case on the basis of diversity and then defends against a remand motion focused on the amount in controversy.[7]

Before application of the standard, a few of the First Circuit's instructive principles are in order. First, if the jurisdictional amount is not facially apparent from the complaint, then a court "need look to the notice of removal and any other materials submitted by the removing

---

[3] Mot. Remand, 1 [#11].

[4] Amoche v. Gaur. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009) (holding that the burden of showing federal jurisdiction is on the defendant removing under CAFA).

[5] Id. at 43.

[6] Id.

[7] See, e.g., Mut. Real Estate Holdings, LLC v. Houston Cas. Co., No. 10-cv-236-LM, 2010 U.S. Dist. LEXIS 100364, at *7 (D.N.H. September 13, 2010) (applying the "reasonable probability" standard to a removing defendant in a diversity case where the amount in controversy was disputed); Youtsey v. Avibank Mfg., No. 10-30100-KPN, 2010 U.S. Dist. LEXIS 90948, at *10–20 (D. Mass. Sept. 2, 2010) (explaining in detail why Amoche's discussion in the CAFA context and its "reasonable probability" standard applies to a removing defendant in demonstrating the amount in controversy in a diversity case); Defendant's assertion that a complaint must make it apparent to a "legal certainty" that the amount in controversy is below the jurisdictional minimum is therefore incorrect. See Def.'s Opp'n Pl.'s Mot. Remand, 4 [#12].

defendant."[8]  However, "whether a defendant has shown a reasonable probability that the amount in controversy exceeds [the jurisdictional minimum] may well require analysis of what <u>both</u> parties have shown."[9]  Second, as part of the analysis of whether a removing defendant has met the standard of "reasonable probability," a court may "consider which party has better access to the relevant information."[10]  Third, "a court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than [the jurisdictional minimum] is in controversy <u>at the time of removal</u>.[11]  Fourth, any doubts in the evidence should be construed in favor of remand because the court has a "responsibility to police the border of federal jurisdiction."[12]  Fifth, this preliminary determination concerning whether a defendant has met its burden "should be done quickly, without an extensive fact-finding inquiry."[13]  Finally, a plaintiff's "likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."[14]

---

[8] <u>Evans v. Yum Brands, Inc.</u>, 326 F. Supp. 2d 214, 220 (D.N.H. 2004).

[9] <u>Amoche</u>, 556 F.3d at 43.

[10] <u>Id.</u> at 51.

[11] <u>Id.</u> ("Events subsequent to removal that reduce the amount in controversy below the jurisdictional minimum do not divest a federal court of jurisdiction." (citing <u>Coventry Sewage Assocs. v. Dworkin Realty Co.</u>, 71 F.3d 1, 6 (1st Cir. 1995))).

[12] <u>Mut. Real Estate Holdings, LLC v. Houston Cas. Co.</u>, No. 10-cv-236-LM, 2010 U.S. Dist. LEXIS 100364, at *8 (quoting <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 4 (1st Cir. 2001)).

[13] <u>Spielman</u>, 251 F.3d at 4; <u>see</u> <u>Amoche</u>, 556 F.3d at 50 ("Consideration of this preliminary issue should not devolve into a mini-trial regarding the amount in controversy.").

[14] <u>Amoche</u>, 556 F.3d at 51.

Defendant attempts to show that the amount in controversy exceeds $75,000 in two ways. First, Defendant claims that the amount in controversy can be determined on the face of Plaintiff's Complaint.[15] Second, Defendant claims that Plaintiff's calculation of damages in his Initial Disclosures further demonstrates the amount in controversy.[16] Evaluating the entire record[17] reveals that Defendant fails in its attempt.

Defendant has not established by a reasonable probability that Plaintiff's Complaint meets the jurisdictional minimum, or that Plaintiff's individual damages will exceed $75,000, or that the putative class's damages would exceed $5 million. Plaintiff (and the putative class) would seek at least four categories of economic damages: (1) backpay—unpaid wages for all work that was not compensated at or above minimum wage; (2) overtime—one and one-half times those wages for all hours worked in excess of forty in any week; (3) reimbursement for all work-related expenses; and (4) a trebling of such damages under Massachusetts General Laws chapter 140, section 150.[18] The Parties also appear to agree that the class is expected to include at least one hundred members.[19] Notably absent from Defendant's arguments, however, is any specification or

---

[15] Def.'s Opp'n Mot. Remand, 4 [#12]. Defendant briefly suggests that class-wide recovery "could be in excess of $5,000,000" but does not otherwise argue the matter. Id.

[16] Def.'s Opp'n Mot. Remand, Ex. A [#12].

[17] See Amoche, 556 F.3d at 51 ("We decline to atomize our analysis; the entire record, as we have said, must be evaluated.").

[18] See Def.'s Opp'n Mot. Remand, 5 [#12]. Defendant also points out that Plaintiff seeks (a) attorneys' fees (under Massachusetts General Laws chapter 140, section 150) and (b) "disgorgement of profits" retained by Defendant as a result of its practice of classifying Plaintiff as an independent contractor. Def.'s Opp'n Mot. Remand, 4 [#12].

[19] Def.'s Opp'n Mot. Remand, 4 [#12].

affirmative evidence of the amount in controversy. Beyond reciting the categories of damages that Plaintiff is seeking, Defendant's lone support for its contention that Plaintiff's damage would exceed the jurisdictional minimum is a vague hypothetical and pointing to Plaintiff's work-related expenses. Specifically, Defendant speculates that Plaintiff's claim for overtime compensation could be "quite high."[20] Combined with trebling of damages, attorney's fees, and the cost of purchasing a delivery vehicle, "it is hard to imagine how any fair calculation of the amounts [Plaintiff] has put in controversy could fall below $75,000."[21] Unfortunately, Defendant leaves any calculation to the imagination.[22]

Moreover, the information necessary to determine the amount in controversy should be readily available to Defendant.[23] The fact that Defendant declined to offer any such evidence suggests that this evidence may not support jurisdiction.[24] For example, Defendant could have

---

[20] Def.'s Opp'n Mot. Remand, 6 [#12]. Defendant explains that Plaintiff could seek overtime compensation for an entire work day because it could include the entire time that Plaintiff is on a list that indicates to Defendant he is ready for a pick-up or delivery order. Id.

[21] Def.'s Opp'n Mot. Remand, 6 [#12].

[22] Defendant does not even specifically refute Plaintiff's estimation that his recovery (including trebling of damages) will not exceed $30,000. Mot. Remand, 3 [#11].

[23] The only available figures were provided by Plaintiff, but the figures are not helpful in estimating Plaintiff's potential damages. Specifically, Plaintiff claims that he earned $900 to $1,000 weekly while employed by Defendant or, after the allegedly unlawful deduction of business expenses, an annual sum of $23,359.93. Mot. Remand, 2, 5 [#11]. But this annual or weekly payment for deliveries and pick-ups that Plaintiff performed does not shed light on the amount of money that Plaintiff would seek for overtime hours or business-related expenses. This light can only be shined by information related to Plaintiff's hours worked and expenses incurred.

[24] See Amoche, 556 F.3d at 52 ("In assessing whether [Defendant] has carried its burden of showing a reasonable probability that the amount in controversy exceeds [the jurisdictional minimum, this court] may consider what information reasonably within [Defendant's] control it failed to present in addition to any affirmative evidence of the amount in controversy.").

pointed to expenses charged to Plaintiff by Defendant (e.g., uniforms), hours and days during which Plaintiff delivered packages, or perhaps specifics concerning Plaintiff's business-related expenses that Defendant refused to reimburse. Insofar as Defendant speculates that other unknown class members may have damages exceeding $75,000, this speculation fails because Defendant must show Plaintiff himself claims such damages.[25]

Defendant has also failed to carry its burden to show that a pro rata award of attorney's fees would bring Plaintiff's damage above the jurisdictional amount. Plaintiff estimates that his recovery will not exceed $30,000.[26] There is no information in the record to confirm or deny this figure. Assuming it is true, the addition of attorney's fees would still not raise recovery above the jurisdictional minimum. Attorney's fees must be prorated across the entire class.[27] Although Defendant points out that there could be at least one hundred class members, Defendant offers "no evidence" which would indicate how large Plaintiff's award may be.[28]

This court briefly notes that its holding is independent of Plaintiff's stipulation that he will not accept any recovery in excess of $75,000 or class-wide recovery in excess of $5 million.[29]

---

[25] See Radlo v. Rhone-Poulenc, S.A., 241 F. Supp. 2d 61, 64–65 (D. Mass. 2002) (explaining that jurisdiction over a class action cannot be maintained where named plaintiff's damages are less than $75,000, on the hypothesis that there is some unnamed plaintiff whose damages would suffice).

[26] Mot. Remand, 5 [#11].

[27] Radlo, 241 F. Supp. 2d at 64 (citing Spielman, 251 F.3d at 10) (rejecting position that attorney's fees in class action would push the amount in controversy above the jurisdictional amount because defendant's arguments "regarding size of the attorney's fees award is entirely speculative" and attorney's fees in a class action may not be aggregated to the named plaintiff).

[28] Id.

[29] Mot. Remand, 5 [#11].

Such a stipulation does not alter this court's determination of the existence of diversity jurisdiction.[30]

Finally, this court will not award fees or costs to Plaintiff.[31] Although Defendant at some points mischaracterizes the state of the applicable law in this circuit,[32] Plaintiff does not explicitly request attorney's fees and Defendant appears to have an "objectively reasonable basis" for removal[33] because the facts are not so "one-sided as to have made remand a foregone conclusion."[34]

IV.    Conclusion

For the foregoing reasons, this action is REMANDED to the Massachusetts Superior Court sitting in the County of Suffolk. Plaintiff's Motion to Remand [#11] is ALLOWED.[35]

IT IS SO ORDERED.

                                        ___/s/ Joseph L. Tauro____
                                        United States District Judge

---

[30] See supra note 11 and accompanying text.

[31] See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.").

[32] See supra note 7 and accompanying text.

[33] Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

[34] Youtsey, 2010 U.S. Dist. LEXIS 90948, at *24–25.

[35] Section 1447(c) of title 28 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."